BONDED CONCRETE, INC.,
Plaintiff–Appellant,

v.

D.A. COLLINS CONSTRUCTION CO., INC., Ballard Road Development, LLC, Pallette Stone Corp., Jointa Lime, Inc., and Jointa Galusha, LLC, Defendants–Appellees.

Docket No. 01–7682.

United States Court of Appeals, Second Circuit.

Feb. 25, 2002.

James E. Gross; Linda A. Mandel Clemente, Mandel Clemente & Assocs., P.C., of counsel, Latham, NY, for Appellant.

Thomas F. Gleason, Gleason, Dunn, Walsh & O'Shea, Albany, NY, for Appellees.

Present SACK, B.D. PARKER, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The plaintiff-appellant Bonded Concrete, Inc. appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) granting the defendants-appellees motion for summary judgment and dismissing its federal antitrust claims with prejudice and its state law claim without prejudice. Bonded Concrete also appeals the district court's order denying its Fed. R.Civ.P. 59(e) motion to alter or amend the judgment and its Fed.R.Civ.P. 60(b) motion for relief from judgment.

■■■ Having conducted a *de novo* review of the record, we conclude that the district court was correct to grant summary judgment against Bonded Concrete. Bonded Concrete alleged that the defendant D.A. Collins and several of its subsidiaries ("Collins") violated § 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing and attempting to monopolize the ready mix, high performance, and asphalt concrete markets in a defined area of Saratoga County, New York. To establish a claim for monopolization or attempted monopolization under § 2, a plaintiff must show, *inter alia*, that the defendant has monopoly power in the relevant geographic market. *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 97–101 (2d Cir. 1998). "Monopoly power, also referred to as market power, is the power to control prices or exclude competition. It may be proven directly by evidence of the control of prices or the exclusion of competition, or it may be inferred from one firm's large percentage share of the relevant market." *Id.* at 97–98 (internal citations and quotation marks omitted). In response to Collins's motion for summary judgment, Bonded Concrete failed to submit any direct evidence of monopoly power or of Collins's market share. Nor did Bonded Concrete submit an affidavit in compliance with Fed.R.Civ.P. 56(f) requesting additional discovery and explaining how the facts sought would be "reasonably expected to create a genuine issue of material fact." *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994) (citation omitted). Accordingly, the district court properly granted summary judgment to Collins.

The district court also did not abuse its discretion by refusing to grant Bonded Concrete's Rule 60(b) motion for relief from judgment because, *inter alia*, the additional affidavits submitted by Bonded Concrete do not create a disputed issue of material fact.

■■ Finally, the plaintiff argues that the district court wrongly dismissed its Rule 59(e) motion as untimely. Even assuming the Rule 59(e) motion was timely, the motion still must be denied. At oral argument before us, the plaintiff conceded that in its Rule 59(e) motion, it simply tried to convince the district court to change its mind based on the record before it at summary judgment. A Rule 59(e) motion, however, "may not be used to relitigate old matters, or raise arguments . . . that could have been raised prior to the entry of judgment." Arthur R. Miller, et al., *Fed. Practice & Procedure*, § 2810.1, at 127–28 (2d ed.1995); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir.1995); *In re Prince*, 85 F.3d 314,

---

* Of the United States Court of Appeals for the   Eighth Circuit, sitting by designation.

324 (7th Cir.1996). Thus, Bonded Concrete's appeal of the district court's denial of its Rule 59(e) motion is without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.